HENSEN, RESPONDENT, *v.* MERTON, APPELLANT.

(No. 4,091.)

(Submitted January 13, 1920.  Decided February 9, 1920.)

[187 Pac. 1017.]

*Trusts — Public Lands—"Soldiers' Scrip" — Pleading — Complaint—Verification.*

Pleading—Complaint—Facts, not Conclusions, to be Stated.
  1.  Under section 6532, Revised Codes, facts must be pleaded in the complaint, not conclusions, nor evidence from which facts might be inferred.

Same—Verification—Insufficiency.
  2.  The requirement that the complaint must be verified by affidavit of plaintiff that the pleading is true of his own knowledge, *etc.*, *held* not to have been met by a statement as to matters vital to his case that certain public records show certain facts of which he asserts neither knowledge nor belief.

Trusts—Public Lands—Burden of Proof.
> 3. In an action to have the patentee of public lands declared trustee for plaintiff, and to require the execution and delivery of a deed to the property to him, he had the burden of showing such equities in himself as would control the legal title in the hands of defendant.

Same—"Soldiers' Scrip"—Public Lands—Equitable Title—Complaint.
> 4. One who seeks to oust a patentee of public lands under soldiers' scrip secured from alleged heirs at law of a deceased Civil War soldier, must allege in his complaint such facts as will connect him with the original title from the government, and such as will bring the deceased soldier and those holding under him within the provisions of sections 2304–2307 of the Revised Statutes of the United States; otherwise it will not state a cause of action.

Same—"Soldiers' Scrip"—Right of Soldier Extended to Minor, not Adult, Children—Statutes.
> 5. Only minor children of a Civil War soldier, acting by a duly appointed and accredited guardian, were, in case of death of the father, entitled to enter public land under sections 2304–2307 of the Revised Statutes of the United States, the right being extended by section 2307 to them only, not to adults.

*Appeal from District Court, Blaine County; John W. Tattan, Judge.*

ACTION by William R. Hensen against Lawrence Merton. Judgment for plaintiff and defendant appeals. Reversed.

*Mr. John W. Stanton,* for Appellant, submitted a brief and argued the cause orally.

On the entire record this case should be reversed and judgment given in favor of defendant, for the reason that the evidence does not show that plaintiff is entitled to any relief. Plaintiff does not show that Merton perpetrated any fraud or wrong upon him or that the land department perpetrated any fraud or wrong upon him or that in its decision rejecting his fraudulent scrip the officers of the land department were deceived or that they misconstrued or misapplied the law or made any mistake in findings of fact. Merton holds the legal title to this land under patent issued to him by the United States under the homestead laws. A patent is an official declaration of the government that the law has been complied with, and raises the presumption that the officials of the land department had before them sufficient proof to justify the issuing of the patent to the patentee. (*Gebo v. Clarke Fork Coal Min. Co.,* 30 Mont. 87, 75 Pac. 859.) That

the holder of the legal title under a patent may be adjudged to hold it as trustee for plaintiff, because of an erroneous ruling of the land department, it is necessary to show not only that defendant was not entitled to the patent, but that plaintiff was so entitled. (*Small* v. *Rakestraw,* 28 Mont. 413, 104 Am. St. Rep. 691, 72 Pac. 746; s. c., 196 U. S. 403, 49 L. Ed. 527, 25 Sup. Ct. Rep. 285 [see, also, Rose's U. S. Notes].)

In a proceeding to review a decision of the secretary of the interior on a question of title to land, it will be presumed that the secretary found as proved sufficient facts to support his judgment, where his findings of fact are not set out, but evidence on which the judgment is based is outlined. (*Wiseman* v. *Eastman,* 21 Wash. 163, 172, 57 Pac. 398.)

And inasmuch as the findings of the land department on questions of fact are conclusive when the charge is that the land department has erred in the decision of a mixed question of law and fact, what the facts were as laid before and found by the department must be shown so as to enable the court to see clearly that the law was misconstrued. (*Lee* v. *Johnson,* 116 U. S. 48, 29 L. Ed. 570, 6 Sup. Ct. Rep. 249 [see, also, Rose's U. S. Notes].)

*Messrs. Norris & Hurd,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein is entitled "Bill in Equity," from which it appears that respondent made application, at the United States land office at Havre, Montana, for 120 acres of land, on what is familiarly known as "soldiers' scrip," which he secured by mesne conveyance from Darius Walton, Jr., and John Walton, the sole heirs at law of one Darius A. Walton. The complaint alleges:

"III.    That the records of the General Land Office show that Darius A. Walton made original homestead entry at the United

States land office at Ionia, in the state of Washington, on the 27th day of September, 1873, section 35, township 15, range 15 west.

"IV.   That the records of the department further show that the said Darius A. Walton served as a Michigan soldier during the Civil War in Company H, 28th Regiment, Michigan Infantry."

That by virtue of section 2306 of the Revised Statutes of the United States (U. S. Comp. Stats., sec. 4594) the said Darius A. Walton became entitled to a soldiers' additional bounty land right, which was assignable; that Walton had not been heard of for more than seven years, and is believed to have died about 1890, and left surviving him "no widow, and the aforesaid John and Darius A. Walton, Jr., as his sole and only heirs at law"; that the Department of the Interior refused to give force and effect to the assignments, which action of the department was illegal; and that appellant knew of the rights of the respondent, but was permitted to enter the land, and finally to receive a patent therefor.   The complaint further alleges that respondent is the equitable owner of the land by reason of his filing, and that appellant holds the naked legal title as trustee for respondent. This appeal is from a judgment in favor of respondent.

Appellant urges that the complaint does not state facts sufficient to constitute a cause of action, for two reasons:

Section 6532 of the Revised Codes provides that the complaint [1] must contain: "A statement of the facts constituting the cause of action, in ordinary and concise language."

That facts are to be pleaded, and not conclusions, nor evidence from which facts might be inferred, is an elemental rule of pleading.   The allegations of paragraphs III and IV, quoted, are not statements of fact at all, but merely a recitation of what the pleader says is disclosed in the records of the General Land Office.

The complaint must be verified by the affidavit of the party to [2] the effect that the pleading is true of his own knowledge, except as to matters alleged on information and belief.   In this

instance the affidavit of respondent, as to matters vital to his case, is merely that "the records of the General Land Office show" certain things, of the truth or falsity of which, as a matter of fact, he asserts neither knowledge nor belief.

Respondent was seeking to establish equitable title in himself [3] and to require the execution and delivery to him of a deed for the property. In order to prevail it was incumbent upon him to show such equities in himself as would control the legal title in the hands of appellant. (*Gebo* v. *Clarke Fork Min. Co.*, 30 Mont. 87, 75 Pac. 859.) The complaint, then, must allege [4] such facts as will connect respondent with the original title from the government. In order to do so, he must therein state such facts as will bring Darius A. Walton, and those holding under him, within the provisions of sections 2304 to 2307 of the Revised Statutes of the United States (U. S. Comp. Stats., secs. 4592–4594, 4602).

Section 2304 [sec. 4592] provides: "That every private soldier and officer who has served in the army in the United States during the recent Rebellion for ninety days and who was honorably discharged and has remained loyal to the government" is entitled to enter homestead land not exceeding 160 acres.

Section 2306 [sec. 4594] provides that, where such a soldier has entered less than 160 acres, he shall be permitted to enter so much land as, when added to the quantity previously entered, shall not exceed 160 acres; while section 2307 [sec. 4602], in the case of the death of the soldier, extends the right to his widow, if unmarried, or, if she be dead or married, to his "minor orphan children, by a guardian duly appointed and officially accredited at the Department of the Interior."

The complaint in this action is silent, in addition to its failure to allege as facts that Darius A. Walton was a soldier in the Civil War, and that he had, prior to the assignment of the right by his heirs, entered less than 160 acres, as to whether he served ninety days in the army, and as to whether he was honorably discharged therefrom. Indeed, as to the quantity of land entered, it would appear from the complaint, if it alleges anything in this connec-

tion, that he entered an entire section of land. This, of course, would have been impossible under the law; but what portion of the section described are we to assume he did enter?

While the complaint alleges that the widow of Walton is dead, and that the assignors named were the sole heirs at law of the soldier, it is silent as to whether or not they were minors, and rather negatives the possibility by showing that they made the assignment in their own right, and not by guardian, as required by the law under which they assumed to act.

In view of the defects pointed out, clearly the complaint does not state facts sufficient to constitute a cause of action, and the judgment of the district court must be reversed. However, as, under this disposition of the case, the matter may come up again, we are constrained to note here that, from the documentary evidence adduced at the trial, the facts in this case are such that the complaint cannot be amended to state a cause of action. The evidence referred to is this: Darius A. Walton, the soldier, married Anna Forbear March 13, 1876; two children born, to-wit, John and Darius Walton. Walton deserted his wife some five or six years later, and never returned, but was reported to have been drowned in the spring of 1890. The assignments by the Walton brothers were made in June, 1906, at which time they made affidavit to the fact that they were then both over the age of twenty-one years, and at which time the youngest must have been at least twenty-four years of age.

Under section 2307, Revised Statutes of the United States, [5] only the "minor orphan children" of the soldier, acting "by a guardian duly appointed and officially accredited at the Department of the Interior," were entitled to the benefit of the Chapter. As was well said by Hon. Clay Tillman, in Circular No. 528 from the Department of the Interior, of date February 15, 1917: "It was never in the mind of Congress that these rights should pass beyond the limits indicated in the sections. Out of gratitude to the soldier, Congress desired to confer upon him personally a material benefit; if he died before gaining that benefit, upon those dependent upon him—his widow or his minor chil-

dren; not upon adult children, not upon collateral heirs, and certainly not, in the absence of any heir, upon some state or foreign government."

Other questions are raised by counsel, but do not require consideration under this disposition of the case.

The judgment of the district court is reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.